**Olga BYKOVA, Petitioner,**

**v.**

**Alberto GONZALES, Attorney General, Eduardo Aquirre, Commissioner of United States Citizenship & Immigration Services, Bureau of Immigration**

**& Customs Enforcement, Department of Homeland Security, Edward J. McElroy, NYC District Director, Respondents.**

No. 05–2866–ag.

United States Court of Appeals, Second Circuit.

July 10, 2007.

Judy S. Resnick, Far Rockaway, NY, for Petitioners.

Brett L. Tolman, United States Attorney for the District of Utah, Stephen J. Sorenson, Assistant United States Attorney, Salt Lake City, UT, for Respondents.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Olga Bykova, a native of the former Soviet Union and citizen of Russia, seeks review of a December 15, 2003 order of the BIA affirming the June 26, 2002 decision of Immigration Judge ("IJ") Philip L. Morace denying her applications for asylum and withholding of deportation. *In re Olga Bykova*, No. A70 909 198 (B.I.A. Dec. 15, 2003), *aff'g* No. A70 909 198 (Immig. Ct. N.Y. City June 26, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

A reasonable fact-finder would not be compelled to find that Bykova presented a credible claim of persecution, in light of the IJ's profound concerns about her testimony and documentary submissions. Two of these submissions, Bykova's purported birth certificate and a medical report from an alleged assault in December 1992, were subjected to a consular investigation, and both were found to be fraudulent. Contrary to Bykova's claim in her brief, the IJ did not treat these reports as conclusive; however, he reasonably faulted her for failing to provide any rebuttal evidence, when she was given over a year to do so.

Bykova's birth certificate was critical for establishing her identity and Jewish ethnicity; therefore, the consular report indicating that her mother should have been listed as "Russian" rather than "Jewish" on her birth certificate was potentially fatal to her claim. *See Borovikova v. United States Dep't of Justice*, 435 F.3d 151, 157–58 (2d Cir.2006). The IJ also reasonably found that Bykova failed to explain her failure to submit any evidence that would independently corroborate her ethnicity, such as her mother's or son's birth certificate. The IJ would have been justified in denying Bykova's claim based on her failure to establish her identity alone, *see id.* at 158; *Matter of O–D–*, 21 I. & N. Dec. 1079, 1081 (BIA 1998).

Likewise, the IJ would have been justified in basing this decision solely on her failure to establish her most critical allegation of persecution. *See Borovikova*, 435 F.3d at 160. Bykova indicated in her amended application that she decided to come to the United States after she was the victim of an anti-Semitic attack in December 1992. However, she did not include this allegation in her initial affidavit, filed in May 1993, and she failed to provide any independent corroboration for this event after the purported medical report was found to be fraudulent. Under these circumstances, the IJ properly denied her claims for asylum and withholding of deportation. *See id.* at 161.

For the foregoing reasons, the petition for review is DENIED.